**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

NAVJOT SINGH,

Petitioner,

v.

WARDEN FERETI SEMAIA, et al.,

Respondents.

Case No. EDCV 26-5240 PVC

**MEMORANDUM DECISION AND ORDER GRANTING PETITION AND ORDERING IMMEDIATE RELEASE**

## I. INTRODUCTION AND PROCEDURAL BACKGROUND

Petitioner Navjot Singh is a noncitizen who has been detained in Immigration and Customs Enforcement ("ICE") custody since August 2026. (*See* Pet. Dkt. No. 1 at 2).[1] On September 10, 2026, he filed his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging the legality of his ongoing detention. (*See id.*).

On September 11, 2026, the Court issued the Notice of General Order 26-05 and Briefing Schedule. (Dkt. No. 5). Therein, the Court "direct[ed] Respondent to show cause why the writ of habeas corpus should not be granted," and set an expedited briefing schedule on the Petition. (*Id.* at 1–2).

[1] For ease of reference, when referring to the filings, the Court uses page numbers generated by CM/ECF. These numbers are printed in a blue ribbon at the top of each page filed on the docket.

In the Petition, Petitioner alleges his detention is unlawful and violates due process under the Fifth Amendment, the Immigration and Nationality Act, 8 U.S.C. § 1357, and 8 C.F.R. §§ 287.3 and 287.8. (Dkt. No. 1 at 20–23). He prays for relief in the form of a writ of habeas corpus ordering his immediate release or alternatively release Petitioner unless they provide a bond hearing; an order enjoining Respondents from re-detaining Petitioner unless his re-detention is ordered at a custody hearing before a neutral arbiter in which the government bears the burden of proving, by clear and convincing evidence, that Petitioner is a fight risk or a danger to the community; an order enjoining Respondents from re-detaining Petitioner while Section 240 proceedings are ongoing, including during any direct appeal from dismissal of proceedings by the IJ absent a change in circumstances; and an award of Petitioner's costs and reasonable attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. (*Id.* at 23–24).

Pursuant to the Court's September 11, 2026 General Order, Respondents were to file a Notice of Appearance no later than September 14, 2026, and Respondents were ordered to file an Answer to the Petition, in which they were to show cause why the writ should not be granted, no later than September 18, 2026. (Dkt. No. 5). Respondents failed to file either of those required documents. Therefore, on October 1, 2026, the Court ordered Respondents to show cause on or before October 5, 2026, why they failed to comply with the Court's order requiring them to file a Notice of Appearance and an Answer and show cause why the habeas petition should not be granted. (Dkt. No. 8). Respondents have neither filed any response to the Court's OSC nor sought an extension of time to do so. (*See generally* Court Docket).

The Court has reviewed the unrebutted Petition. For the reasons discussed below, the Petition for Writ of Habeas Corpus is GRANTED.

## II. FACTUAL BACKGROUND

Petitioner is a non-citizen and a native of India presently detained at the ICE detention facility in Adelanto, California. (*See* Dkt. No. 1 at 5). He entered the United States on or about December 2, 2022. (*Id.* at 2). He was briefly detained by U.S. Customs and Border Protection and released on parole on December 5, 2022. (*Id.*). Petitioner sought protection in the United States and applied for asylum. (*Id.*). Petitioner has complied with required immigration obligations. (*Id.*). In August 2026, Respondents re-detained Petitioner without identifying any intervening criminal conduct, violation of his conditions of release, missed immigration appointment, danger to the community, flight risk, or other material change in circumstances. (*Id.*). Petitioner was provided no advance notice or pre-deprivation hearing. (*Id.*). He remains detained in immigration custody. (*Id.* at 5).

## III. LEGAL STANDARD

Habeas relief extends to those who can show they are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Although Congress has barred courts from reviewing certain discretionary decisions concerning detention or release of noncitizens subject to removal proceedings, *see* 8 U.S.C. §§ 1226(e), 1252(g), federal courts retain jurisdiction to "review related 'constitutional claims or questions of law.'" *Martinez v. Clark*, 36 F.4th 1219, 1224 (9th Cir. 2022) (quoting *Singh v. Holder*, 638 F.3d 1196, 1202 (9th Cir. 2011)), vacated on other grounds by ___ U.S. ___, 144 S. Ct. 1339, 218 L.Ed.2d 418 (2024). Petitioner makes such reviewable claims here.

Title 28 U.S.C. § 2243 provides that a Court "entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent

to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Here, via General Order 26-05, the Court directed Respondents to show cause why the writ should not be granted. (*See* Dkt. No. 5). Pursuant to Section 2243, Respondent was required in the Answer to certify "the true cause of the detention." 28 U.S.C. § 2243.

## IV. DISCUSSION

In its OSC also, this Court ordered Respondent "TO SHOW CAUSE in writing, no later than **5:00 p.m. on October 5, 2026**," why Respondents have "failed to comply with the Court's order requiring them to file a Notice of Appearance and an Answer and show cause why the habeas petition should not be granted." (Dkt. No. 8 at 1). That requirement mirrors the requirement in General Order 26-05 (filed in this case as Doc. No. 5), as well as 28 U.S.C. § 2243. As they did in response to the Court's earlier General Order 26-05 setting a briefing schedule (Doc. No. 5), however, Respondents failed to respond at all to the OSC. Respondents seem to have lost any interest or intent to contest this case, including to comply with the requirement that they – as the ones detaining Petitioner – "make a return certifying the true cause of the detention." 28 U.S.C. § 2243.

Local Rule 7-12 provides that "[t]he failure to file any required document … may be deemed consent to the granting or denial of the motion[.]" The Court should deem Respondents' failure to file an Answer to the Petition in this case – despite having notice of their obligation to do so and an opportunity almost five weeks (from September 11 to October 15) to be heard in opposition to the Petition – to be their consent to granting the relief sought in that pleading.

Therefore, Petitioner is presently in custody of Respondent in violation of the Constitution or laws or treaties of the United States, as alleged in the Petition.

Accordingly, the Court will issue a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 compelling Petitioner's immediate release.

## V. CONCLUSION

Accordingly, IT IS HEREBY ORDERED THAT:

1. The petition for writ of habeas corpus is GRANTED;

2. Respondents are ORDERED to immediately release Petitioner **Navjot Singh (A Number: 243103271)** from custody;

3. Respondents are ENJOINED from re-detaining Petitioner unless his re-detention is ordered at a custody hearing before a neutral arbiter in which the government bears the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk or a danger to the community;

4. Respondents are ENJOINED from re-detaining Petitioner while Section 240 proceedings are ongoing, including during any direct appeal from dismissal of proceedings by the Immigration Judge absent a change in circumstances;

5. Respondents are ORDERED to file within two days of the date of this Order, a status report confirming Petitioner's release; and

6. Any fee motion must be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412, and this Court's Local Rules. The Court retains jurisdiction to adjudicate any such motion or other collateral enforcement issues.

DATED: October 15, 2026

PEDRO V. CASTILLO
UNITED STATES MAGISTRATE JUDGE